**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**UNITED STATES of AMERICA,**

v.                                                                                    Criminal No. 2:03cr32

**IPOLITO CAMPOS,**

        **Defendant.**

## OPINION & ORDER

This matter is before the Court on pro se Defendant Ipolito Campos' ("Defendant") motion to "Invok[e] the Inherent Equity Jurisdiction of this Court as Recognized in the Savings Clause of F.R.C.P. 60(b)." Doc. 70.

I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND[1]

On June 24, 2003, Defendant was found guilty by a jury to Counts One (1) through Seven (7) of a criminal indictment, charging Defendant with the following: (1) forcible assault and injuring an officer in the performance of official duties, in violation of 18 U.S.C. § 111(a) and (b); (2) illegal alien in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2); (3) using a short-barreled shotgun during an in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); (4) attempted murder of an officer in the performance of official duties, in violation of 18 U.S.C. §§ 1113 and 1114; (5) use

---

[1] This procedural history does not reflect the complete procedural history as to Defendant, but only those proceedings relevant to the present motion.

of false immigration documents in violation of 18 U.S.C. § 1546(b)(2); (6) possession of unregistered firearm, in violation of 18 U.S.C. §§ 5861(d) and 5871; and, (7) false representation of a social security number, in violation of 42 U.S.C. § 408(a).  Doc. 35.  On September 25, 2003, Defendant was sentenced to confinement for a term of 271 months, consisting of concurrent terms of 151 months for Counts One (1) and Four (4), 120 months for Counts Two (2) and Six (6), 60 months for Counts Five (5) and Seven (7), and a consecutive term of 120 months for Count Three (3).

Defendant appealed to the United States Court of Appeals for the Fourth Circuit, and on June 27, 2005 it issued its opinion affirming in part and vacating in part the Judgment of this Court.  Doc. 65.  The Fourth Circuit affirmed the findings of this Court and Defendant's convictions, but vacated Defendant's sentence and remanded the matter for re-sentencing in accordance with the Supreme Court of the United States' decision in United States v. Booker. Id.; see United States v. Booker, 543 U.S. 220 (2005).

Accordingly, the Court declined to reverse its previous factual determinations in light of the Fourth Circuit's affirmation, but re-sentenced Defendant in consideration of 18 U.S.C. § 3553(a).  Doc. 69.  The Court found that the "history and characteristics of Defendant" and the need "to protect the public from further crimes of the defendant" weighed in favor of a reduced sentence.  Id. at 3.  Defendant was thus re-sentenced to a term of 255 months' imprisonment, consisting of concurrent terms of 135 months for Counts One (1) and Four (4), 120 months for Counts Two (2) and Six (6), 60 months for Counts Five (5) and Seven (7), and a consecutive term of 120 months for Count Three (3).  Id.

On October 31, 2006, Defendant filed the instant motion under Rule 60(b) of the Federal

Rules of Civil Procedure ("Rule 60(b)" or "the Rule").[2]

## II. NOTICE OF CONSTRUCTION

The Court intends to **CONSTRUE** Defendant's Rule 60(b) motion as a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255 motion").

In United States v. Emmanuel, the Fourth Circuit held that

> if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so recharacterize the motion. The court shall also notify the movant of the § 2255 restrictions on second or successive motions, the one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. The notice to the movant shall set a reasonable amount of time for the prisoner to respond to the court's proposed recharacterization and shall advise the prisoner that failure to respond within the time set by the court will result in the original motion being recharacterized as a § 2255 motion. And, of course, if the movant does not respond within the time set by the court, the court may proceed with its recharacterization of the motion. If, within the time set by the court, the movant agrees to have the motion recharacterized or by default acquiesces, the court shall consider the motion as one under § 2255 and shall consider it filed as of the date the original motion was filed. If the movant agrees to or acquiesces in the recharacterization, the court should permit amendments to the motion to the extent permitted by law. See United States v. Pittman, 209 F.3d 314 (4th Cir. 2000) (holding that amendments to a § 2255 motion made after expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely). If,

---

[2]Although Defendant's Motion was filed by the Clerk on November 8, 2006, it is deemed filed with the Court on the date that it was placed in the prison mailing system. See Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating the special rule for pro se prisoners in light of the challenges faced in ensuring that their court documents are timely filed); Doc. 70 at 11.

>however, the movant responds within the time set by the court but does not agree to have the motion recharacterized, the court shall not treat it as a § 2255 motion but shall rule on the merits of the motion as filed. Thus, for example, if a movant requests certain relief pursuant to Rule 35 that is only available by way of § 2255, and that movant objects to the court's proposal to recharacterize the motion, the court shall simply rule on the Rule 35 motion as such.

United States v. Emmanuel, 288 F.3d 644, 649-50 (4th Cir. 2002)

Accordingly, Defendant is hereby **ADVISED** that this Court intends to recharacterize his motion as his first § 2255 motion.

The Court is providing the Defendant with a § 2255 form and a copy of his Rule 60(b) motion so that he may transfer his already asserted claims and add any others to the § 2255 form.

Defendant is **ADVISED** that he must include all grounds for relief from the conviction or sentence that he challenges. Defendant will not be able to include grounds for relief in a second or successive application unless he first moves the Fourth Circuit for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(3)(A). The Fourth Circuit may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that: (1) the application contains newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or, (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See 28 U.S.C. § 2244(3)(c); 28 U.S.C. § 2255.

Defendant is **ADVISED** that his claims in the context of a § 2255 motion are not barred by § 2255's statute of limitations, because his judgment of conviction became final on November

2, 2005, just under one year before the filing of his Rule 60(b) motion on October 31, 2006. See Docs. 69, 70. Pursuant to § 2255, a federal district court must dismiss any § 2255 motion filed later than one year after: (1) the date judgment of conviction becomes final; (2) an impediment created by governmental action is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court recognizes the constitutional right asserted and makes that right retroactively applicable to cases on collateral review; or (4) the factual predicate of the claim could have been discovered with due diligence. See 28 U.S.C. § 2255. A petitioner must demonstrate that the petition was timely filed under § 2255 or that the circumstances are such that his untimely petition may be salvaged by equitable tolling principles. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring district courts to furnish habeas petitioners an opportunity to provide facts contesting the application of the statute of limitations); United States v. Sexton, No. 02-6273, 2003 WL 601443, at 1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a § 2255 Motion).

If Defendant fails to appeal this Court's Judgment, then Defendant's judgment of conviction becomes final when the time for appealing to the United States Court of Appeals for the Fourth Circuit expires.[3] See Clay v. United States, 537 U.S. 522, 532 (2003). On October 19, 2005, this Court re-sentenced Defendant. See Doc. 69. Defendant did not notice an appeal. Therefore, Defendant's conviction became final on November 2, 2005.

Defendant is further **ADVISED** that if he does not respond within thirty (30) days of the

---

[3] Defendants have ten (10) days to notice an appeal, excluding the day on which the Court entered its judgment and intervening weekends and legal holidays. See FED. R. APP. P. 4(b)(1)(A) & 26(a)(1)-(2). Prior to Clay, the Fourth Circuit had held that a defendant's judgment of conviction became final on the date of entry of the district court's judgment, but this holding relied on the reasoning of United States v. Torres, 211 F.3d 836, 837-38 (4th Cir. 2000), which was abrogated by Clay. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).

entry of this Order, the Court will recharacterize his Rule 60(b) motion as a § 2255 motion. If the Defendant does not want his Rule 60(b) motion to be recharacterized as a § 2255 motion, he must notify the Court of his desire within 30 days.

Defendant is further **ADVISED** that should he reject the Court's proposed recharacterization, the Court would be without power to grant Defendant relief. Rule 60(b) is a civil remedy that provides grounds for relief from a judgment in certain circumstances, such as mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. See FED. R. CIV. P. 60(b). The Rule applies only in civil cases, and does not extend to the appellate procedure required in criminal matters. See FED. R. CIV. P. 1; United States v. Goines, 357 F.3d 469, 476-77 (4th Cir. 2004) (a district court's sentence can be challenged on direct review under § 3742(a), on collateral review pursuant to 28 U.S.C. § 2255, or pursuant to 18 U.S.C. § 3582(c)(2) if the Sentencing Commission adopts an applicable retroactive amendment). By rejecting this Court's recharacterization, Defendant would not have initiated a civil matter, and his case would remain a criminal matter for purposes of this Court's ability to review its actions. Therefore, Defendant's grievances are not cognizable under Rule 60(b) at this time. See United States v. Winestock 340 F.3d 200, 206-07 (2003).

Lastly, if Defendant desires to add any claims not already asserted in his Rule 60(b) motion, he must fill out the § 2255 form and mail it within thirty (30) days.

### III. CONCLUSION

The Court **ADVISES** the Defendant to proceed in the manner of his choosing consistent with the Court's instructions as detailed in this Notice. Defendant is **ADVISED** that any notification, form, or other information submitted pursuant to this Order must be submitted to the

Clerk of the United States District Court for the Eastern District of Virginia, 600 Granby St. Norfolk, VA 23510.

The Clerk is **REQUESTED** to mail a § 2255 form and a copy of Defendant's Rule 60(b) motion to the Defendant.

The Clerk is further **REQUESTED** to mail a copy of this Notice to Defendant and to all counsel of record.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 20, 2006