**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**UNITED STATES of AMERICA,**

v.                                                                                  Criminal No. 2:03cr32

**IPOLITO CAMPOS,**

        **Defendant.**

**OPINION & ORDER**

This matter is before the Court on pro se Defendant Ipolito Campos' ("Defendant") motion to "Invok[e] the Inherent Equity Jurisdiction of this Court as Recognized in the Savings Clause of F.R.C.P. 60(b)." Doc. 70. Defendant rejected this Court's notice of intent to construe his Motion as filed pursuant to 28 U.S.C. § 2255. Doc. 72. Accordingly, the Court has considered Defendant's Motion and supporting arguments under Rule 60(b) of the Federal Rules of Civil Procedure. Because Rule 60(b) is inapplicable to this criminal matter, and because circumstances do not exist for invoking equity jurisdiction, Defendant's Motion is **DENIED**.

**I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND**[1]

On June 24, 2003, Defendant was found guilty by a jury to Counts One (1) through Seven (7) of a criminal indictment, charging Defendant with the following: (1) forcible assault and

---

[1] This procedural history does not reflect the complete procedural history as to Defendant, but only those proceedings relevant to the present motion.

injuring an officer in the performance of official duties, in violation of 18 U.S.C. § 111(a) and (b); (2) illegal alien in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2); (3) using a short-barreled shotgun during an in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); (4) attempted murder of an officer in the performance of official duties, in violation of 18 U.S.C. §§ 1113 and 1114; (5) use of false immigration documents in violation of 18 U.S.C. § 1546(b)(2); (6) possession of unregistered firearm, in violation of 18 U.S.C. §§ 5861(d) and 5871; and, (7) false representation of a social security number, in violation of 42 U.S.C. § 408(a). Doc. 35. On September 25, 2003, Defendant was sentenced to confinement for a term of 271 months, consisting of concurrent terms of 151 months for Counts One (1) and Four (4), 120 months for Counts Two (2) and Six (6), 60 months for Counts Five (5) and Seven (7), and a consecutive term of 120 months for Count Three (3).

Defendant appealed to the United States Court of Appeals for the Fourth Circuit, and on June 27, 2005 it issued its opinion affirming in part and vacating in part the Judgment of this Court. Doc. 65. The Fourth Circuit affirmed the findings of this Court and Defendant's convictions, but vacated Defendant's sentence and remanded the matter for re-sentencing in accordance with the Supreme Court of the United States' decision in United States v. Booker. Id.; see United States v. Booker, 543 U.S. 220 (2005).

Accordingly, the Court declined to reverse its previous factual determinations in light of the Fourth Circuit's affirmation, but re-sentenced Defendant in consideration of 18 U.S.C. § 3553(a). Doc. 69. The Court found that the "history and characteristics of Defendant" and the need "to protect the public from further crimes of the defendant" weighed in favor of a reduced

sentence. Id. at 3. Defendant was thus re-sentenced to a term of 255 months' imprisonment, consisting of concurrent terms of 135 months for Counts One (1) and Four (4), 120 months for Counts Two (2) and Six (6), 60 months for Counts Five (5) and Seven (7), and a consecutive term of 120 months for Count Three (3). Id.

On October 31, 2006, Defendant filed a Motion under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)" or "the Rule").[2] The Court issued an Opinion & Order on November 20, 2006, in which it advised Defendant of its intent to construe Defendant's Motion as a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255 Motion"). Doc. 71. On December 4, 2006, Defendant rejected the Court's recharacterization and requested that his Motion be considered pursuant to Rule 60(b), as initially filed. Doc. 71. Accordingly, the Court must consider Defendant's Motion and attendant arguments under Rule 60(b).

## II. ANALYSIS

Defendant contends that he is entitled to relief pursuant to "the inherent equity jurisdiction of this Court" under Rule 60(b), because "in equity, a person can[not] be convicted and imprisoned for the impossibility of attempted murder that did not happen." Doc. 70 at 1, 3. Plaintiff, however, misconstrues this statute and the nature of equity jurisdiction where there exists an appropriate statute under which relief may be granted. See United States v. American Friends Service Committee, 419 U.S. 7, 11 (1974); Doc. 70 at 4.

---

[2] Although Defendant's Motion was filed by the Clerk on November 8, 2006, it is deemed filed with the Court on the date that it was placed in the prison mailing system. See Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating the special rule for pro se prisoners in light of the challenges faced in ensuring that their court documents are timely filed); Doc. 70 at 11.

Rule 60(b) is a civil remedy that provides grounds for relief from a judgment in certain circumstances, such as mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. See Fed. R. Civ. P. 60(b). The Rule applies only in civil cases, and does not extend to the appellate procedure required in criminal matters. See Fed. R. Civ. P. 1; United States v. Goines, 357 F.3d 469, 476-77 (4th Cir. 2004) (a district court's conviction and sentence can be challenged on direct review under § 3742(a), on collateral review pursuant to 28 U.S.C. § 2255, or pursuant to 18 U.S.C. § 3582(c)(2) if the Sentencing Commission adopts an applicable retroactive amendment). By rejecting this Court's recharacterization, Defendant has not initiated a civil matter, and his case remains a criminal matter for purposes of this Court's ability to review its actions. Therefore, because this is a criminal matter, Defendant's grievances are not cognizable under Rule 60(b) at this time. See United States v. Winestock 340 F.3d 200, 206-07 (2003).

Exercise of this Court's "inherent equitable jurisdiction" in the present matter would be inappropriate because the Defendant may properly file a Motion to vacate his judgment pursuant to 28 U.S.C. § 2255 to correct fundamental constitutional or jurisdictional errors, which would otherwise "inherently result[] in a complete miscarriage of justice." United States v. Addonizio, 422 U.S. 178, 185 (1979). While the Court gave Defendant an opportunity to file a timely motion pursuant to § 2255, the Defendant chose to pursue this course in spite of the fact that this Court advised Defendant it would be unable to grant relief pursuant to Rule 60(b). See Doc. 70 at 6. Because Rule 60(b) is inapplicable to the circumstances of Defendant's claim and equitable jurisdiction is improper in the present circumstances, the Court **DENIES** Defendant's Motion.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion is **DENIED**.

The Clerk is further **REQUESTED** to mail a copy of this Opinion & Order to Defendant and to all counsel of record.

The Defendant is **ADVISED** that he may appeal this final Opinion & Order by forwarding a written Notice of Appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Opinion & Order.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 18, 2006