IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 2:03cr032 (RCY) |
| | ) | |
| IPOLITO CAMPOS, | ) | |
| | ) | |
| Petitioner. | ) | |

## **MEMORANDUM OPINION**

Ipolito Campos, a former[1] federal inmate, proceeding by counsel, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 89) to vacate, set aside, or correct his conviction as to Count Three. In response to the Court's Order of November 2, 2020 (ECF No. 103), Campos also filed a position with respect to the holding in *United States v. Davis*, 139 S. Ct. 2319 (2019) (ECF No. 104). The United States filed a response (ECF No. 105), and Campos filed a reply (ECF No. 106). The matter is ripe for disposition.

In his § 2255 Motion, Campos demands relief upon the following ground:

Claim One   The conviction on Count Three of 18 U.S.C. § 924(c):
"(1) violates due process, (2) violates the laws of the United States and results in a fundamental miscarriage of justice, and (3) was entered in excess of this Court's jurisdiction." (§ 2255 Mot. 2.[2])  "Specifically, the count alleged that the underlying 'crimes of violence' for the § 924(c) charge were forcible assault and injury to an officer in the performance of official duties in violation of 18 U.S.C. § 111(a) and (b) (Count One), and attempted murder of an officer in the performance of official duties in violation of 18 U.S.C. §§ 1113 and 1114 (Count Four). However, post-*Johnson* [*v. United States*, 576 U.S. 591 (2015)] forcible assault and injury to an officer in the performance of official duties and attempted murder of an officer in the performance of official duties categorically fail to qualify as 'crimes of

---

[1] According to the Bureau of Prisons, Campos was released from imprisonment on March 15, 2021.

[2] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions.

>violence.' Therefore, Mr. Campos is innocent of the § 924(c) offense, and his conviction is void." (*Id*. at 1.)

For the reasons stated herein, the Court finds that Campos's claim lacks merit and will be dismissed.

## I. Procedural History and Facts

An indictment was returned on February 27, 2003 (ECF No. 9), charging Campos with seven counts, as follows:

> Count One
> On or about February 4, 2003, in Accomack County, in the Eastern District of Virginia, the defendant, IPOLITO CAMPOS, a/k/a "Polo," did knowingly and unlawfully by use of a deadly and dangerous weapon, that is, a 12 gauge New Haven by Mossberg, Model 600AT, short-barreled ("sawed-off") shotgun, forcibly assault, resist, oppose, impede, intimidate and interfere with Virginia State Trooper Howard A. Chambers, inflicting bodily injury, while Trooper Chambers was engaged in the performance of his official duties assisting federal officers, to wit: Special Agents of the Federal Bureau of Investigation (FBI), while the Special Agents of the FBI were themselves engaged in the performance of their official duties.
> (In violation of Title 18, United States Code, Section 111(a) and (b).)
>
> Count Two
> On or about February 4, 2003, in Accomack County, in the Eastern District of Virginia, the defendant, IPOLITO CAMPOS, a/k/a "Polo," being an alien illegally and unlawfully in the United States, did knowingly and unlawfully possess in and affecting commerce, a firearm and ammunition, to wit: a 12 gauge New Haven by Mossberg, Model 600AT, short-barreled shotgun and 12 gauge ammunition both of which had been shipped and transported in interstate commerce.
> (In violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).)
>
> Count Three
> On or about February 4, 2003, in Accomack County, in the Eastern District of Virginia, the defendant, IPOLITO CAMPOS, a/k/a "Polo," did unlawfully and knowingly use and possess a 12 gauge New Haven by Mossberg, Model 600AT, short-barreled shotgun during and in relation to and in furtherance of a crime of violence, for which the defendant may be prosecuted in a court of the United States, to wit: the offenses set forth in Counts One and Four of this indictment which descriptions of the crime of violence are realleged and incorporated by reference in the instant Count.
> (In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and (B)(i).)

Count Four

On or about February 4, 2003, in Accomack County, in the Eastern District of Virginia, the defendant, IPOLITO CAMPOS, a/k/a "Polo," willfully and unlawfully did attempt to kill and murder Virginia State Trooper Howard A. Chambers while he was engaged in and on account of the performance of his official duties, assisting federal law enforcement officers, to wit: Special Agents of the Federal Bureau of Investigation (FBI), while the Special Agents of the FBI were themselves engaged in the performance of their official duties, by shooting Trooper Chambers with a prohibited weapon, that is, a 12 gauge New Haven by Mossberg, Model 600AT, short-barreled ("sawed-off") shotgun.
(In violation of Title 18, United States Code, Sections 1113 and 1114.)

Count Five

On or about December 28, 2001, in Mappsville, Virginia, in the Eastern District of Virginia, the defendant, IPOLITO CAMPOS, a/k/a "Polo," for the purpose of satisfying an employment verification system requirement, unlawfully used an identification document, that is, a Resident Alien card having an Alien Registration Number (ARN) A093766408, date of birth 08/13/1964 and having an expiration date of 04/23/2003, knowing that said document was false and not issued to the defendant by the Immigration and Naturalization Service.
(In violation of Title 18, United States Code, Section 1546(b)(2).)

Count Six

On or about February 4, 2003, in Accomack County, in the Eastern District of Virginia, the defendant, IPOLITO CAMPOS, a/k/a "Polo," did unlawfully and knowingly possess a 12 gauge New Haven by Mossberg, Model 600AT, short-barreled shotgun, which had a barrel of less than 18 inches in length, and had been modified to have an overall length of less than 28 inches, commonly known as "sawed off shotgun," and which had not been registered to the defendant in the National Firearms Registration and Transfer Record.
(In violation of Title 18, United States Code, Sections 5861(d) and 5871.)

Count Seven

On or about December 28, 2001, in Mappsville, Virginia, in the Eastern District of Virginia, the defendant, IPOLITO CAMPOS, a/k/a "Polo," did knowingly, unlawfully, and with the intent to deceive, and for the purpose of obtaining a thing of value, that is, employment at Eastern Shore Seafood Products, Inc., and other things of value for himself, falsely represent the social security number 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 to be the social security number assigned to him, when in fact no such social security number had been assigned to him by the Commissioner of Social Security.
(In violation of Title 42, United States Code, Section 408(a).)

(Indictment, ECF No. 9.)

On June 24, 2003, the jury convicted Campos on all counts. (Verdict Form, ECF No. 35.) A post-trial motion for judgment of acquittal was denied on July 15, 2003. (ECF No. 41.) Campos was sentenced on September 16, 2003 to 151 months on Counts and Four, 120 months on Counts Two and Six, 60 months on Counts Five and Seven, all to be served concurrently, and 120 months on Count Three, to be served consecutively to the sentences imposed on all other counts, and the Judgment in a Criminal Case was entered on September 25, 2003. (ECF No. 50.)  On appeal, the Fourth Circuit affirmed the convictions, but remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Campos*, 136 F. App'x 557 (4th Cir. 2005).

On remand, the Court resentenced Campos as follows:  135 months on Counts One and Four, 120 months on Counts Two and Six, 60 months on Counts Five and Seven, all to be served concurrently, and 120 months on Count Three, to be served consecutively to the other sentences. (ECF No. 69.)

Campos next challenged his convictions under Federal Rule of Civil Procedure 60(b).  In an Opinion and Order issued on November 20, 2006, the Court stated that it intended to construe the Rule 60(b) motion as a § 2255 Motion.  (ECF No. 71.)  Campos "rejected th[e] Court's notice of intent," and the Court denied relief under Rule 60(b). (ECF No. 73.)  Another appeal followed, and the Fourth Circuit affirmed.  *United States v. Campos*, 225 F. App'x 192 (4th Cir. 2007) (per curiam).

This § 2255 Motion was filed in June 2016.  (ECF No. 89.)  On September 12, 2016, the United States filed a motion to dismiss the § 2255 Motion on timeliness grounds, but that motion was denied on November 21, 2018.  (ECF No. 98.)  On February 7, 2019, the Court granted a joint motion to hold the § 2255 Motion in abeyance. (ECF No. 102.)  Then, in light of *United States v. Davis*, in November 2020, the Court lifted the abeyance order and directed the parties to file

supplemental briefing. (ECF No. 103.) The supplemental briefing was completed on January 15, 2021. (ECF Nos. 104, 105, 106.)

## II. *Johnson v. United States*

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." *Id.* at 606.[3] The *Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 596–97 (citation omitted). Subsequently, in *Welch v. United States*, 578 U.S. 120 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 135.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of

---

[3] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii). Because Campos discharged the firearm, he received a consecutive sentence of 120 months.[4]

Until recently, the United States could demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies one of two requirements. Namely, the statute defines a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause, or § 924(c)(3)(B), in *United States v. Davis*, 139 S. Ct. 2319, 2339 (2019). However, as discussed below, at least one of the predicate offenses underlying Campos's § 924(c) conviction remains a valid crime of violence under the Force Clause.

### III. Analysis

Campos asserts that his sentence for Count Three is unlawful in light of *Johnson*. However, that claim lacks merit. Relevant here, Campos was convicted of "knowingly and unlawfully by use of a deadly and dangerous weapon [a sawed-off shotgun] . . . forcibly assault[ing], resist[ing], oppos[ing], imped[ing], intimidat[ing] and interfer[ing] with [a state trooper], inflicting bodily injury, while [he] was engaged in the performance of his official duties assisting federal officers"

---

[4] Although not relevant to Campos's claim here, at the time that Campos was criminally prosecuted in 2003, the Government was not required to charge Campos with discharge in the indictment, nor was that an element that was required to be found by the jury beyond a reasonable doubt, in order to impose a higher mandatory sentence. *See Alleyne v. United States*, 570 U.S. 99, 117 (2013) (requiring brandishing to be charged in the indictment and to be found by the jury beyond a reasonable doubt before the judge could impose the enhanced sentence).

(Count One);[5] "willfully and unlawfully [] attempt[ing] to kill and murder [a state trooper] while he was engaged in and on account of the performance of his official duties, assisting federal law enforcement officers . . . by shooting [the state trooper] with a prohibited weapon [a sawed-off shotgun]" (Count Four); and, unlawfully and knowingly using and possessing a firearm "during and in relation to and in furtherance of a crime of violence . . . to wit: the offenses set forth in Counts One and Four of this indictment" (Count Three). (Indictment 2, 4–5.) Campos contends that, after *Johnson*, the offenses of assaulting a federal officer by use of deadly or dangerous weapon or infliction of bodily injury in violation of 18 U.S.C. § 111(a) and (b), and attempted murder of a federal officer in violation of 18 U.S.C. §§ 1113 and 1114, can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Three must be vacated. Campos is incorrect.

Here, Campos's § 924(c) conviction was clearly predicated on two counts: assaulting a federal officer by use of deadly or dangerous weapon or infliction of bodily injury in violation of 18 U.S.C. § 111(a) and (b), and attempted murder of a federal officer in violation of 18 U.S.C. §§ 1113 and 1114. The Fourth Circuit has recently cast doubt on any reliance on *attempted* offenses as predicate crimes of violence for § 924(c) convictions. *See United States v. Taylor*, 979 F.3d 203, 205 (4th Cir. 2020) (explaining that because "the elements of attempted Hobbs Act robbery do not invariably require 'the use, attempted use, or threatened use of physical force,' the offense does not qualify as a 'crime of violence' under § 924(c)"), *cert. granted*, 141 S. Ct. 2882 (2021). Thus, it is doubtful that attempted murder of a federal officer is a valid predicate of violence for § 924(c) under the current state of the law in the Fourth Circuit. However, as

---

[5] The officer involved was a state trooper. However, because the state trooper was engaged in assisting federal officers, the Court hereinafter refers to Count One as "assaulting a federal officer by use of deadly or dangerous weapon or infliction of bodily injury," and Count Two as "attempted murder of a federal officer."

discussed below, assaulting a federal officer by use of deadly or dangerous weapon or infliction of bodily injury in violation of 18 U.S.C. § 111(a) and (b) remains a qualifying crime of violence under the Force Clause.

> Section 18 U.S.C. § 111 provides, in relevant part, that:
>
> **(a) In general.**--Whoever--
> **(1)** forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [a qualifying federal official in specified circumstances] . . .
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than 8 years, or both.
>
> **(b) Enhanced penalty.**--Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon . . . or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111(a)–(b) (West 2003).

Campos was clearly charged in the indictment with both 18 U.S.C. § 111(a) and (b), because he used a deadly weapon and inflicted bodily injury in the assault on a federal officer. Moreover, the Court instructed the jury as to the elements of both § 111(a)(1) and the enhanced penalty section, § 111(b). Specifically, the Court explained that, to find Campos guilty, the jury must find that, based on the evidence, "the assault was made while using a deadly or dangerous weapon." (June 23, 2003 Tr. 773.) The Court further explained that "[t]he term 'deadly or dangerous weapon' means any instrument or device capable of inflicting serious bodily injury or causing death of a person . . . ." (June 23, 2003 Tr. 776.) Finally, the evidence presented at trial clearly demonstrated that Campos assaulted the officer by using a deadly weapon and by inflicting bodily injury on a federal officer subjecting him to an enhanced penalty (*see* June 23, 2003 Tr. 797–803), facts that Campos does not dispute here.

"Here, the Court need not reinvent the wheel. Multiple courts in this district have held, and the Fourth Circuit more recently has strongly suggested, that assault on a federal officer with a dangerous weapon in violation of 18 U.S.C. § 111(a)(1) and (b) qualifies as a crime of violence under the force clause." *Assaye v. United States*, No. 1:17–cv–1385, Crim. No. 1:15–cr–115 , 2020 WL 2950361, at *13 (E.D. Va. June 3, 2020) (citations omitted).[6] In addition, at least eight circuit courts have also held that assaulting a federal officer under 18 U.S.C. § 111(b) is categorically a crime of violence under § 924(c).[7] Thus, Campos's conviction for Count Three remains valid because it was predicated on the assault of a federal officer by use of deadly or dangerous weapon or infliction of bodily injury charged in Count One. *See United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021) (reaffirming *United States v. Hare*, 820 F.3d 93 (4th Cir. 2016) and holding

---

[6] In *United States v. Bryant*, 949 F.3d 168 (4th Cir. 2020), the Fourth Circuit explained that, in the context of a similar statute pertaining to assault on a postal employee by use of dangerous weapon, *see* 18 U.S.C. § 2114(a), that "[b]ecause assault requires at least *some* use or threatened use of force, we agree . . . that the 'use of a dangerous weapon to put the victim's life in jeopardy transforms the force into violent physical force." *Id.* at 181 & n.12 (citation omitted). The Fourth Circuit concluded that "the aggravated offense in the second clause of § 2214(a) . . . which requires that the defendant wound or put the victim's life in jeopardy by use of a dangerous weapon during the commission of the basic offense, is categorically a crime of violence under the force clause of § 924(c)(3)(A)." *Id.* at 182.

[7] *See Gray v. United* States, 980 F.3d 264, 265–66 (2d Cir. 2020) (explaining that "using such a weapon and inflicting bodily injury independently satisfy the physical force requirement of § 924(c)(3)(A)"); *United States v. Simmons*, 817 F. App'x 460, 461 (9th Cir. 2020) (citing *United States v. Juvenile Female*, 566 F.3d 943, 947 (9th Cir. 2009)); *United States v. Bates*, 960 F.3d 1278, 1285 (11th Cir. 2020); *United States v. Taylor*, 848 F.3d 476, 496 (1st Cir. 2017); *United States v. Rafidi*, 829 F.3d 437, 445–46 (6th Cir. 2016); *cf. United States v. Bullock*, 970 F.3d 210, 213 (3d Cir. 2020) (finding § 111(b) categorically a crime of violence under the career offender provisions of the United States Sentencing Guidelines); *United States v. Kendall*, 876 F.3d 1264, 1269 (10th Cir. 2017) (same); *United States v. Hernandez-Hernandez*, 817 F.3d 207, 215 (5th Cir. 2016) (finding § 111(b) categorically a crime of violence under Sentencing Guideline § 2L1.2).

Because a violation of § 111(b) requires more violent conduct than if Campos had only been charged with a violation of § 111(a)(1) alone, the Court need only focus on whether § 111(b) is a crime of violence. *See Gray*, 980 F.3d at 266. Because the Court concludes that it is, the Court need not examine whether § 111(a)(1) constitutes a crime of violence for the purposes of this opinion.

"that a § 924(c) conviction based on one valid and one invalid predicate offense remains sound following *Johnson* and its progeny"); *cf. Hare*, 820 F.3d at 105–06 (explaining that "the court need not reach the merits of this argument . . . [because]" a § 924(c) conviction predicated on *both* conspiracy to commit Hobbs Act robbery and in furtherance of a drug trafficking crime is not affected by *Johnson*). Accordingly, Campos's contention that *Johnson* invalidated his conviction and sentence for Count Three lacks merit and will be dismissed.[8]

### IV. Conclusion

Campos's claim will be DISMISSED. The § 2255 Motion (ECF No. 89) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[9]

An appropriate Final Order will issue.

/s/ 
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: January 13, 2022

---

[8] Although Campos suggests that his claim has several parts, the Court's review of his § 2255 Motion finds that all three parts challenge his § 924(c) conviction based on *Johnson* and lack merit.

[9] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Campos has not satisfied this standard.